No. 04-00-00807-CR



Ramiro GALINDO,


Appellant



v.



STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CR-1327


Honorable Sid L. Harle, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: July 25, 2001


MOTION TO WITHDRAW GRANTED; ANDERS BRIEF STRICKEN; APPEAL
DISMISSED FOR LACK OF JURISDICTION


 Ramiro Galindo pled guilty to one count of indecency with a child. The trial court
sentenced Galindo within the terms of a negotiated plea bargain to six years in prison and
a $1,000.00 fine. Galindo's court-appointed attorney on appeal filed an Anders brief in
which counsel concludes this appeal is frivolous and without merit. (1) Counsel also filed a
motion to withdraw.

 If an appeal is taken from a judgment rendered on a plea of guilty and the punishment
assessed does not exceed the punishment recommended by the prosecutor and agreed to by
the defendant, "the substance of the appeal must have been raised by written motion and
ruled on before trial (unless the appeal is for a jurisdictional defect or the trial court granted
permission to appeal)." Young v. State, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000) (citing
Tex. R. App. P. 25.2(b)(3)); see also Cooper v. State, No. 1100-99, slip op. at 6-7, 2001 WL
321579, at *1 (Tex. Crim App. Apr. 4, 2001). Galindo's notice of appeal requests the trial
court's permission to appeal but there is no evidence permission was granted. The notice of
appeal does not address and the record does not contain evidence of a written motion to
suppress evidence. There is nothing in the record to suggest the trial court lacked jurisdiction.
 We have no jurisdiction to consider Galindo's appeal. Tex. R. App. P. 25.2(b)(3). The
Anders brief filed by counsel is stricken. Counsel's motion to withdraw is granted. The
appeal is dismissed for lack of jurisdiction.

 

 PER CURIAM

DO NOT PUBLISH


1. See Anders v. California, 386 U.S. 738 (1967).